IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MELISSA EDMONDS**, | ) | CIVIL ACTION NO.  **23-1242** |
| Plaintiff, | ) | |
| v. | ) | |
| **DAVID URBAN, Cashier,** | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION

This case was referred to a United States magistrate judge for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rules of Court 72.C and 72.D.  On June 5, 2024, the magistrate judge issued a Report and Recommendation ("R&R") (ECF No. 16), which recommended that the complaint be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim.

Pro se plaintiff, Melissa Edmonds ("Edmonds"), was previously confined at the Allegheny County Jail ("ACJ").  The original complaint was received by the court approximately a year ago, on July 10, 2023.  On September 19, 2023, the magistrate judge directed Edmonds to correct various filing deficiencies (ECF No. 5).  On November 21, 2023, Edmonds filed an amended complaint (ECF No. 8).  On May 21, 2024, the court granted Edmonds' motion to proceed in forma pauperis ("IFP").

On June 5, 2024, the magistrate judge issued the R&R under review.  The R&R explained that Edmonds never fully complied with the deficiency order, but her release from custody mooted the need to correct those deficiencies.  The R&R determined that Edmonds' allegations that

defendant Urban improperly removed $21.39 from her inmate trust account failed to state a viable claim. The magistrate judge explained that although a prisoner has a protected property interest in the funds held in an inmate account, there can be no constitutional due process claim if the state provides a meaningful post-deprivation remedy for the loss. In this case, the magistrate judge concluded that a meaningful post-deprivation remedy was provided by the prison grievance process and by Pennsylvania tort law. The magistrate judge recommended that this federal § 1983 case be dismissed with prejudice, but that Edmonds be permitted to pursue her claim in the state courts.

The magistrate judge directed that any objections be filed by June 24, 2024, and the R&R stated that failure to timely file objections would waive the right to appeal. The docket reflects that the R&R was mailed to Edmonds. No party filed objections by June 24, 2024. The R&R is ripe for review.

Standard of Review

Pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made" and "may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C). Rule 72(b)(3) requires de novo review of any recommendation that is dispositive of a claim or defense of a party to which proper objections were made. *See Fraunhofer-Gesellschaft Zur Forderung Der Angewandten Forschung E.V. v. Sirius XM Radio Inc.*, No. 1:17CV184, 2021 WL 1147010, at *1 (D. Del. Mar. 25, 2021).

Even if no objections are filed, the court should, as a matter of good practice, "satisfy

2

itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also McClain v. Pennsylvania Department of Corrections*, No. 1:19-CV-1951, 2020 WL 1690081, at *1 (M.D. Pa. Apr. 7, 2020); *Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F. Supp. 2d 465, 469 (M.D. Pa. 2010) (explaining that judges should review dispositive legal issues raised by the R&R for clear error).

Discussion

Following an independent review of the record, the court is satisfied that the R&R contains no clear error and will therefore accept the recommendation of the magistrate judge that this case be dismissed with prejudice. Edmonds cannot pursue a § 1983 due process claim in this court because she had adequate post-deprivation remedies under the prison grievance system and state law. The existence of either of these post-deprivation remedies forecloses any due process claim. *Ray v. Rogers*, No. 2:12CV985, 2014 WL 1235905, at *3 (W.D. Pa. Mar. 25, 2014) (citations omitted). In other words, even if Edmonds was unable to proceed under the prison grievance system, Edmonds remains free to pursue her claim in the state courts.

Conclusion

For the reasons set forth above, the amended complaint will be dismissed with prejudice and Civil Action No. 23-1242 will be marked closed. The court will adopt the R&R (ECF No. 16) as the opinion of the court, as supplemented herein.

An appropriate order follows.

Dated: July 17, 2024                                BY THE COURT

                                                    */s/ Joy Flowers Conti*
                                                    JOY FLOWERS CONTI
                                                    SENIOR UNITED STATES DISTRICT JUDGE